**FILED**
**U.S. District Court**
**District of Kansas**
04/23/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DAVID L. WITT,**

      **Plaintiff,**

      **v.**              **CASE NO.  26-3070-JWL**

**PEGGY SVETY, et al.,**

      **Defendants.**

**<ins>MEMORANDUM AND ORDER</ins>**

Plaintiff and Kansas prisoner David L. Witt brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Ellsworth County Jail ("ECJ") in Ellsworth, Kansas and he has been granted leave to proceed in forma pauperis. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be granted time to file an amended complaint that cures the deficiencies identified in this order. Because the Court concludes that Plaintiff must file a complete and proper amended complaint and he may include the additional factual allegations in his amended complaint, the motion to amend the initial complaint (Doc. 4) will be denied as moot.

### I.  Nature of the Matter Before the Court

Plaintiff names the following individuals as defendants in this case:  Magistrate Judge Peggy Svety; Ellsworth County Attorney Paul J. Kasper; Kenny Bernard, the Sheriff of Ellsworth County; Sergeant Jerry Houston at the ECJ; and Deputies Caleb Sheesley, Brenda Rathbun, and Austin Stroede, also at the ECJ. (Doc. 1, p. 1-3.) As the background of this case, Plaintiff states that Defendants Svety and Kasper have been involved in multiple Ellsworth County cases—

1

criminal and civil—involving Plaintiff, during which they have acted improperly and demonstrated bias against Plaintiff. *Id.* at 3.

In Count I of the complaint, Plaintiff asserts that Defendants Sheesley, Rathbun, and Houston have opened and read his legal mail. *Id.* at 4. As supporting facts for Count I, Plaintiff alleges that on November 24, 2025, he attempted to send a letter to the clerk of the District Court of Ellsworth County, Kansas, but Defendant Rathbun returned the letter to Plaintiff and told Plaintiff that she, Defendant Sheesley, and Defendant Houston had read it and were refusing to deliver it. *Id.* Similarly, Count II of the complaint is based on another occasion on which Defendants Sheesley, Rathbun, and Houston opened Plaintiff's legal mail. *Id.* As supporting facts for Count II, Plaintiff alleges that on December 18, 2025, while he was at recreation, Defendants Sheesley, Rathbun, and Houston tossed his cell and ripped open his legal mail. *Id.*

Count III of the complaint alleges that Plaintiff was denied cleaning supplies he needed to clean blood, spit, and feces off of the floor and wall of his cell. *Id.* at 5. As supporting facts for Count III, Plaintiff states that while he was being housed in a padded cell due to medical issues, Defendants Houston, Defendant Bernard, and another non-defendant deputy denied him access to cleaning supplies. *Id.* Count IV appears to be based on Defendant Houston's decision not to move Plaintiff from a specific cell. *Id.* at 6. As supporting facts for Count IV, Plaintiff alleges that on January 12, 2026, he submitted a medical request form asking if there were long-term detrimental effects to his health from being housed in a cell that is musty and mildewed. *Id.* Plaintiff had learned that certain symptoms could be caused by such conditions. *Id.* Before medical staff responded to Plaintiff's inquiry, Defendant Houston said he would not move Plaintiff from that specific cell. *Id.*

In Count V, Plaintiff asserts that inmates suffered cold temperatures and lacked access to running hot water, but Defendants Bernard and Houston refused to move them. *Id.* As supporting facts for Count V, Plaintiff alleges that from January 23, 2026 through January 27, 2026, "multiple inmates" had no heat in their pod, to the point where they could see their breath. *Id.* Similarly, from March 6, 2026 through March 10, 2026, Plaintiff alleges, he and eight other inmates had no heat or access to hot water; Defendants Houston and Bernard denied requests for hot water and washcloths to be delivered to inmates so that they could clean themselves. *Id.*

Count VI of the complaint asserts that Defendant Bernard refused to let Plaintiff seal an envelope containing mail addressed to a clerk of court in Topeka, Kansas. *Id.* As supporting facts for Count VI, Plaintiff alleges that Defendant Houston "verified" that Plaintiff could not seal an envelope as though it were legal mail because the envelope was addressed not to a lawyer but to a clerk of court. *Id.* In Count VII, Plaintiff asserts that Defendant Stroede showed him and other inmates inappropriate photos and videos. *Id.* at 7. As supporting facts for Count VII, Plaintiff alleges that on or around December 20, 2025, Defendant Stroede showed Plaintiff and other inmates a video of an altercation involving Plaintiff. *Id.* Defendant Stroede also showed the inmates photos of a female inmate in various states of undress after taking a shower. *Id.*

Count VIII asserts that Defendant Stroede introduced contraband into the ECJ. *Id.* As supporting facts for Count VIII, Plaintiff alleges that on January 9, 2026, Defendant Stroede opened the slot into the west 5-man pod at the ECJ and gave inmates unidentified contraband, telling them to "keep this secret" because he could lose his job if anyone discovered he had left and gone to Kwik Shop to "get these." *Id.* Count IX of the complaint asserts that Defendant Rathbun told other inmates about the contents of Plaintiff's mail and warned them about having contraband. *Id.* As supporting facts for Count IX, Plaintiff alleges that on January 14, 2026, he

3

wrote a letter to a reporter about the way the ECJ is operated, including statements about contraband being brought in. *Id.* at 7-8. Plaintiff gave the letter to a jailer to mail, but 10 to 15 minutes later, Defendant Rathbun quietly told other inmates about Plaintiff's letter, stating that the Sheriff was reading it now and the inmates "needed to get rid of contraband." *Id.* at 8.

In Count X of the complaint, Plaintiff asserts a claim based on black mold at the ECJ, sexual pictures drawn on the walls, a lack of maintenance, and jailers not wearing gloves while serving food. *Id.* As supporting facts for Count X, Plaintiff alleges that black mold was present in 8 of the 9 cells in which he has been housed at the ECJ. *Id.* He further alleges that despite multiple reports, a leaking pipe chase was left unfixed for more than 2 months. *Id.* Plaintiff also contends that nude drawings and vulgar sayings are left on the walls of the ECJ and he has gotten into trouble for attempting to cover the vulgarities with toilet paper. *Id.* Finally, Plaintiff alleges that when handing out food and medication to inmates, jailers will often grab the top of a drinking glass with their bare hands. *Id.* As relief in this case, Plaintiff seeks $1,500 per day that he has been held at the ECJ, beginning on November 24, 2025, and he asks the Court to order that he be moved immediately and housed in another facility. *Id.* at 9.

## II. Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v.*

4

*Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

#### A. Joinder of Claims and Parties

Federal Rule of Civil Procedure[1] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

---

[1] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

(2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may

6

not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

In the complaint now before the Court, Plaintiff's multiple claims do not involve all named Defendants nor do they all arise from the same transaction or occurrence and involve common questions of law or fact. Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2). Plaintiff is therefore required to file an amended complaint stating (1) only those claims that arise against a single defendant or, if he wishes to name multiple defendants, (2) stating only those claims that arise from the same transaction or occurrence and have common questions of fact or law.

Put another way, Plaintiff should set forth in the amended complaint the occurrence or occurrences he will pursue in accordance with Rules 18 and 20, and he should limit his facts and allegations to properly joined defendants and occurrences. Alternatively, Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action. If Plaintiff fails to timely file an amended complaint that complies with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff.

Although the lack of compliance with Rules 18 and 20 is enough by itself to require an amended complaint, the Court will highlight other deficiencies in the complaint so that Plaintiff may be aware of them when drafting his amended complaint.

### B. Defendants Svety and Kasper

On the complaint currently before the Court, Defendants Svety and Kasper are subject to dismissal from this action for two reasons. First, the complaint does not sufficiently allege their

personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must name each defendant in the caption of the complaint and in the body of the complaint, including a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights. Although Defendants Svety and Kasper are mentioned in the section of the form for stating the background of this case, they are not mentioned in Counts I through X. Thus, Plaintiff has failed to state a plausible claim for relief against Defendants Svety and Kasper.

Second, to the extent that Plaintiff intends to bring claims against Defendant Kasper or Defendant Svety based on actions taken in their roles as magistrate judge and prosecutor, Defendants Kasper and Svety are immune from liability. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Similarly, judges are

8

absolutely immune from civil suits based on actions taken in their judicial capacity, except where they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Nothing in the complaint currently before the Court indicates that Defendant Svety acted in clear absence of all jurisdiction or that Plaintiff seeks to sue Defendant Kasper for acts taken outside of his role as a county attorney. If Plaintiff wishes to pursue claims against Defendant Svety or Kasper, he should ensure that they are not claims from which these defendants are immune.

### C.  Failure to Identify the Federal Right Allegedly Violated

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). The Tenth Circuit has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, *what specific legal right the plaintiff believes the defendant violated*." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

Because Plaintiff is proceeding pro se, the Court liberally construes his complaint and, where reasonable, the Court may infer the legal basis for some claims despite Plaintiff's failure to specifically identify a specific federal or constitutional right that was violated. For example, Count V raises a claim based on Defendants Bernard and Houston's failure to ensure that Plaintiff had access to heat and hot water during cold weather. (Doc. 1, p. 6.) Liberally construing the complaint, the Court may infer that Count V alleges the violation of the rights guaranteed by the Eighth Amendment, as made applicable to the states by the Fourteenth Amendment. "Under the Eighth Amendment, [prison or jail] officials must provide humane conditions of confinement by ensuring

inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001).

For other counts in the complaint now before the Court, however, the federal right allegedly violated is less clear. For example, Count VIII generally asserts that Defendant Stroede introduced contraband into the ECJ. (Doc. 1, p. 7.) Even liberally construing the complaint, the Court cannot determine what federal right Plaintiff believes was violated by the introduction of this unidentified contraband. Although the introduction of contraband might violate policies set by the ECJ, the Tenth Circuit has made clear that the alleged violation of a jail regulation or policy is not sufficient by itself to state a plausible claim under § 1983—a plaintiff also must show that the conduct violated a federal or constitutional right. *See Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010). Plaintiff should ensure in each count of his amended complaint that he clearly identifies the federal or constitutional right that was violated.

Relatedly, Plaintiff must plead only claims based on violations of his own rights; he may not bring claims based on the rights of other inmates. *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993) (To have standing to bring a claim, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison or jail], or indicat[e] how the conditions caused him injury."). Plaintiff may allege that other inmates were present or affected by the events that led to his claims, but he must ensure that he alleges sufficient facts to show that his own personal rights were violated.

### D.  Relief Requested

Plaintiff's request for compensatory money damages in this matter is subject to dismissal because, on the facts alleged in the complaint now before the Court, it is barred by the Prison

10

Litigation Reform Act ("PLRA"). The PLRA provides in part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). This provision "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. In this context, "sexual act" requires genital contact or penetration. *See* 42 U.S.C. § 1997e(e); 18 U.S.C. § 2246(2). Even liberally construing the complaint and taking all well-pleaded factual allegations as true, Plaintiff does not allege that he suffered a physical injury or the commission of a sexual act. Thus, the PLRA bars him from seeking compensatory damages.

## IV. Amended Complaint Required

Plaintiff will be granted time to file a complete and proper amended complaint upon court-approved forms that cures the deficiencies discussed in this order. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; it completely replaces the original complaint.  Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. *See Tufaro v. Okla. Ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("'[A]n amended complaint supersedes a prior complaint "and renders it of no legal effect."' [Citation omitted.]"). In other words, Plaintiff may not simply refer in the amended complaint to his initial complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (26-3070-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where he must identify for each count the federal or constitutional right he believes was violated. Plaintiff must also ensure that only properly joined claims and defendants appear in the amended complaint and he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. If Plaintiff does not timely file an amended complaint that cures the deficiencies discussed herein, portions of this case may be severed or dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 2, 2026,** in which to file a complete and proper amended complaint that cures the deficiencies discussed in this order. Because Plaintiff must file an amended complaint, the motion to amend the current complaint (**Doc. 4**) is **denied as moot**. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated April 23, 2026, in Kansas City, Kansas.**

<u>S/  James P. O'Hara</u>
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**

12