**FILED**
**U.S. District Court**
**District of Kansas**
05/22/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAVID L. WITT,

                    **Plaintiff,**

          v.                                          **CASE NO. 26-3070-JWL**

PEGGY SVETY, et al.,

                    **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff David L. Witt, a state prisoner currently incarcerated at the Ellsworth County Jail ("ECJ") in Ellsworth, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He was granted leave to proceed in forma pauperis (Doc. 6), and the Court reviewed the complaint and identified deficiencies therein. Therefore, on April 23, 2026, United States Magistrate Judge James P. O'Hara issued a memorandum and order (Doc. 7) that identified the deficiencies in the complaint and granted Plaintiff time to file an amended complaint that cures the deficiencies. This matter comes now before the Court on Plaintiff's amended complaint, filed on May 18, 2026. (Doc. 8.) For the reasons set forth below, the Court concludes that the amended complaint is subject to dismissal in its entirety. The Court will grant Plaintiff time to show cause, in writing, why this matter should not be dismissed.

I.    **Nature of the Matter before the Court**

In the amended complaint, Plaintiff names as Defendants Sargeant Jerry Houston, who works at the ECJ, and Ellsworth County Sheriff Kenny Bernard. (Doc. 8, p. 1.) As the factual background for the complaint, Plaintiff explains that he has been incarcerated at the ECJ since November 12, 2025 and that he has experienced ongoing problems with his legal mail. *Id.* at 2.

1

In Count I, Plaintiff asserts the violation of his rights under the Fourth and Sixth Amendments to the United States Constitution. *Id.* at 3. As supporting facts for Count I, Plaintiff alleges that at 12:54 p.m. on May 4, 2026, he informed ECJ staff that he had a legal envelope that needed to be mailed. *Id.* A jailer retrieved the envelope, which was addressed to the clerk of court for Ellsworth County and contained a letter to the clerk. *Id.* at 3, 6. Around 2:00 that afternoon, Defendant Houston came to Plaintiff's cell and handed Plaintiff a copy of the letter; the copy had been stamped to indicate the district court had received it that day. *Id.* at 6. Plaintiff asked Defendant Houston why he had a copy of Plaintiff's legal mail to the district court clerk and Defendant Houston responded that he had hand-delivered it to the clerk and asked for a stamped copy so that Plaintiff would know it was delivered and Plaintiff would have a copy for his records. *Id.* Defendant Houston also told Plaintiff that "'they are the ones who opened it and then made a copy for your records.'" *Id.*

Upset by this, Plaintiff filed multiple forms complaining about Defendant Houston's actions and asking to file a formal complaint or speak to the Sheriff, Defendant Bernard. *Id.* at 6-7. Plaintiff also later filed grievances about the matter, but he received no response., despite Defendant Bernard being aware of the issue. *Id.* at 7. In the supporting facts for Count I, Plaintiff also alleges that on May 11, 2026, he submitted a request for the legal mail contained in a manilla envelope in his personal property. *Id.* Defendant Houston responded that Plaintiff was "'only allowed to have them back for two hours'" and warned him that "'if you do not give them back then you will not get anything else.'" *Id.*

In Count II of the amended complaint, Plaintiff asserts a violation of the Fourth Amendment. *Id.* at 3. As supporting facts for Count II, Plaintiff alleges that his legal paperwork was seized by the ECJ. *Id.* He further alleges that both Defendants refused to give him his legal

2

paperwork or envelopes to mail legal paperwork to his attorney, telling Plaintiff that he could call his attorney. *Id.*

In Count III of the amended complaint, Plaintiff asserts that both Defendants violated the Sixth Amendment. *Id.* at 4. As supporting facts for Count III, Plaintiff alleges that he wrote a request to Defendant Houston stating that he needed three pieces of paper and two envelopes in order to prepare legal mail and comply with a state-court deadline. *Id.* at 4, 8. Defendant Houston responded: "Don't know what to tell you, [t]he Sheriff said no more paper because you can't follow the rules." *Id.* at 8. Plaintiff submitted another written request asking for an envelope to mail paperwork, to which Defendant Houston responded: "[Y]ou are not getting anything per [the] Sheriff." *Id.* As relief in this matter, Plaintiff seeks to be moved out of Kansas and housed elsewhere; an investigation into the ECJ, its staff, and the Ellsworth County District Court clerk's office; and an order releasing Plaintiff on probation or sentencing him to time served. *Id.* at 5.

## II.    Screening Standards

Since Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes the pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the amended complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's [amended] complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III.    Discussion

### A.  Relief Requested

As relief in this case, Plaintiff asks to be housed in another state and either released on probation or sentenced to time served. He also asks for an investigation of the ECJ, its staff, and the Ellsworth County District Court clerk's office. To the extent that Plaintiff seeks release from custody, he must do so in a petition for writ of habeas corpus, not a § 1983 case such as this one.

4

A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Similarly, this Court cannot grant injunctive relief in the form of ordering a specific outcome to Plaintiff's pending state-court criminal case. Federal injunctive orders generally bind only types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65(d)(2).

Finally, although Plaintiff's request for an investigation is worded broadly, to the extent Plaintiff seeks a criminal investigation or prosecution, the Court lacks the authority to grant such relief. An order for "investigation and prosecution of various people for various crimes . . . would improperly intrude upon the separation of powers." *Presley v. Presley*, 102 F. App'x 636, *1 (10th Cir. June 16, 2004) (unpublished); *see also Salmon v. Freitag*, 2025 WL 3282327 (D. Kan. Nov. 25, 2025) (unpublished) ("'[T]his Court lacks the authority to order a criminal investigation'").

### B.  Failure to State a Plausible Claim

#### a.  Count I

As noted above, Count I of the amended complaint asserts that both Defendants violated the Sixth Amendment and the Fourth Amendment based on the events surrounding Defendant Houston's hand-delivery of Plaintiff's legal mail to the state district court clerk and return to Plaintiff of a stamped copy of the letter. (Doc. 8, p. 3.) Count I is subject to dismissal as it is brought against Defendant Bernard because Plaintiff has failed to allege sufficient personal participation by Defendant Bernard in a constitutional violation. "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). An allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Even liberally construing the amended complaint and taking all factual allegations therein as true, the only references to Defendant Bernard in Count I are that he did not respond to Plaintiff's complaints and grievances. Thus,  Plaintiff has failed to state a plausible claim against Defendant Bernard in Count I.

Although Count I alleges sufficient personal participation by Defendant Houston, the facts alleged in support of Count I do not state a plausible claim that he violated either the Fourth or Sixth Amendment. This Court has long recognized that "a prison inmate's Fourth Amendment rights are extremely limited. Prison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail." *Hall v. Chester*, 2008 WL 4657279, *6 (D. Kan. 2008) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974)).

Even liberally construing the amended complaint, Plaintiff does not allege that Defendant Houston personally opened, searched, read, or otherwise interfered with the delivery of the letter to the district court clerk. Even if Defendant Houston had improperly opened the letter, the Tenth Circuit has "held that an isolated incident of opening protected legal mail, without any evidence of improper motive or resulting interference with [the] right to counsel, does not give rise to a constitutional violation. [Citation omitted.]" *Penrod v. Furlong*, 42 F.3d 1406, *2 (10th Cir. Dec.

6

1, 1994) (unpublished). The factual allegations in the amended complaint, when taken as true, do not suggest any improper motive by Defendant Hudson.

"Part and parcel of the [Sixth Amendment] right to effective assistance [of counsel] is the right to communicate confidentially with an attorney. [Citation omitted]." *United States v. Hohn*, 123 F.4th 1084, 1092 (10th Cir. 2024). But the letter in question in Count I was not a communication between Plaintiff and an attorney. Thus, even if Defendant Houston had interfered with the letter, it would not implicate the Sixth Amendment's right to confidential communications with counsel. Count I is subject to dismissal for failure to state a plausible claim for relief under either the Sixth or Fourth Amendment against Defendant Houston.

### b. Count II

Count II of the amended complaint alleges that both Defendants violated Plaintiff's Fourth Amendment rights by "seizing" his legal paperwork. (Doc. 8, p. 3.) As supporting facts for Count II, Plaintiff alleges only: "Sarge[a]nt Houston and Sheriff Bernard refused to give me my legal paperwork/also refused envelopes to mail legal paperwork to Lawyer telling me I could call them." *Id.* Even liberally construed and taking all factual allegations as true, this fails to state a plausible claim for relief under the Fourth Amendment.

The United States Supreme Court has explained:

> The first clause of the Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ." This text protects two types of expectations, one involving "searches," the other "seizures." A "search" occurs when an expectation of privacy that society if prepared to consider reasonable is infringed. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property.

*United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (footnotes and citations omitted). In order for a seizure to comply with the Fourth Amendment, it "must be reasonable under the circumstances."

7

*District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018) (citing *Payton v. New York*, 445 U.S. 573, 578 (1980)).

The factual allegations on which Plaintiff bases Count II are not sufficiently specific to state a plausible claim. *See Robbins*, 519 F.3d at 1247 ("[P]lausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden.) For example, even assuming that the "seizure" to which Plaintiff refers is the refusal to allow him access to his property, Plaintiff does not identify the nature of the "legal paperwork" Defendants refused to bring him, he does not indicate whether he sought to purchase the envelopes or have them provided at no cost, he does not state the number or timing of his request or requests for the legal paperwork, and he does not state the length of deprivation.

Plaintiff need not provide every detail surrounding the refusal to bring him legal papers and envelopes, but he must set forth sufficient factual allegations to support a plausible claim for relief. In a Fourth Amendment claim like Count II, Plaintiff must allege facts that support the conclusion that a search or seizure was unreasonable under the circumstances. This is a particularly difficult showing for an inmate to make because of the limited application of the Fourth Amendment in jails and prisons. Because Plaintiff has not done so in the amended complaint, Count II is also subject to dismissal for failure to state a plausible claim for relief.

### c. Count III

Count III of the amended complaint alleges a Sixth Amendment violation based on Defendant Houston's denial—per the order of Defendant Bernard—of Plaintiff's request for three pieces of paper and two envelopes so he could mail something to the state district court to meet a

deadline. (Doc. 8, p. 4, 8.) It is unclear how this refusal implicates the Sixth Amendment, which states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S.C.A. Const. Amend VI.

To the extent that Plaintiff asserts that the denial of paper and envelopes violated his constitutional right to access the state court, that right is guaranteed by the First Amendment and the Fourteenth Amendment, not the Sixth. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006). In order to successfully plead a plausible claim for unconstitutional interference with access to the courts, however, Plaintiff must allege that he was prejudiced—or actually injured—by the interference. *See Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998).

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53. In the words of the Tenth Circuit, to plead a plausible and

> proper claim of violations of [the] constitutional right to access the courts, . . . a prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.

*Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) (citing *Lewis*, 518 U.S. at 351-55).

In the amended complaint now before this Court, Plaintiff has failed to allege any actual injury or prejudice he suffered from the underlying events—whether those events involve Defendant Houston's hand-delivery of Plaintiff's letter to the state district court clerk, Defendant

9

Houston's return to Plaintiff of a copy of the letter for his records, Defendant Bernard's failure to respond to Plaintiff's grievances and complaints, or both Defendants' refusal to provide Plaintiff with his "legal paperwork," paper, and envelopes. Thus, to the extent that Count III or any of the Counts pled in the amended complaint could be liberally construed as a claim of interference with access to the courts, it fails to state a plausible claim for relief and is subject to dismissal.

## IV.    Conclusion

For the reasons explained above, the amended complaint is subject to dismissal in its entirety. Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which relief could be granted. If Plaintiff fails to timely respond to this order, this matter will be dismissed for the reasons stated in this order without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **June 22, 2026**, in which to show cause, in a single written document submitted to this Court, why this matter should not be dismissed for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 22nd day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

10