**FILED**
**U.S. District Court**
**District of Kansas**
07/21/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAVID L. WITT,

        **Plaintiff,**

  v.             **CASE NO. 26-3070-JWL**

PEGGY SVETY, ET AL.,

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se civil rights action brought under 42 U.S.C. § 1983 by Plaintiff and state prisoner David L. Witt, who is currently incarcerated at the Ellsworth County Jail ("ECJ") in Ellsworth, Kansas. It comes before the Court on Plaintiff's second amended complaint, filed on July 16, 2026. (Doc. 12.) For the reasons explained below, this matter will be dismissed without prejudice because the second amended complaint fails to state a plausible claim for relief against a named defendant.

### I. Background

This matter began on March 26, 2026, when Plaintiff filed his initial complaint. (Doc. 1.) Plaintiff was granted leave to proceed in forma pauperis (Doc. 6), and the Court screened the complaint to determine whether it or any portion of it was subject to dismissal because it is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915 (e)(2). During this statutorily required creening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913

1

(10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

On April 23, 2026, , the Court issued a memorandum and order ("M&O") that recited the facts and claims in the initial complaint. (Doc. 7, p. 1-4.) The Court will not repeat this recitation in full here, as only one of the 10 counts asserted in the initial complaint remains in the second amended complaint now before this Court. It is sufficient to note that, among others, the initial complaint named Kenny Bernard, the Sheriff of Ellsworth County and Sergeant Jerry Houston at the ECJ as Defendants. *Id.* at 1. The M&O further stated:

> In Count V [of the initial complaint], Plaintiff assert[ed] that inmates suffered cold temperatures and lacked access to running hot water, but Defendants Bernard and Houston refused to move them. As supporting facts for Count V, Plaintiff allege[d] that from January 23, 2026 through January 27, 2026, "multiple inmates" had no heat in their pod, to the point where they could see their breath. Similarly, from March 6, 2026 through March 10, 2026, Plaintiff allege[d], he and eight other inmates had no heat or access to hot water; Defendants Houston and Bernard denied requests for hot water and washcloths to be delivered to inmates so that they could clean themselves.

*Id.* at 3 (citing Doc. 1, p. 6).

The M&O explained to Plaintiff that his complaint did not comply with the Federal Rules of Civil Procedure that govern the joinder of claims and parties, that some of the named defendants were subject to dismissal, and that some of the counts were subject to dismissal because Plaintiff had either failed to identify the specific federal right he believed was violated or appeared to be asserting that the federal rights of others had been violated. *Id.* at 5-10. Finally, the M&O explained that the Prison Litigation Reform Act ("PLRA") barred Plaintiff's request for compensatory damages. *Id.* at 10-11. Plaintiff was granted time in which to file a complete and proper amended complaint that cured the deficiencies identified in the M&O. *Id.* at 11-12.

Plaintiff timely filed his amended complaint on May 18, 2026 (Doc. 8) and the Court conducted the statutorily required screening. On May 22, 2026, the Court issued a memorandum and order to show cause ("MOSC") that described the amended complaint as follows:

> In the amended complaint, Plaintiff names as Defendants Sargeant Jerry Houston, who works at the ECJ, and Ellsworth County Sheriff Kenny Bernard. (Doc. 8, p. 1.) As the factual background for the [amended] complaint, Plaintiff explains that he has been incarcerated at the ECJ since November 12, 2025 and that he has experienced ongoing problems with his legal mail. *Id.* at 2.

> In Count I, Plaintiff asserts the violation of his rights under the Fourth and Sixth Amendments to the United States Constitution. *Id.* at 3. As supporting facts for Count I, Plaintiff alleges that at 12:54 p.m. on May 4, 2026, he informed ECJ staff that he had a legal envelope that needed to be mailed. *Id.* A jailer retrieved the envelope, which was addressed to the clerk of court for Ellsworth County and contained a letter to the clerk. *Id.* at 3, 6. Around 2:00 that afternoon, Defendant Houston came to Plaintiff's cell and handed Plaintiff a copy of the letter; the copy had been stamped to indicate the district court had received it that day. Id. at 6. Plaintiff asked Defendant Houston why he had a copy of Plaintiff's legal mail to the district court clerk and Defendant Houston responded that he had hand-delivered it to the clerk and asked for a stamped copy so that Plaintiff would know it was delivered and Plaintiff would have a copy for his records. *Id.* Defendant Houston also told Plaintiff that "'they are the ones who opened it and then made a copy for your records.'" *Id.*

> Upset by this, Plaintiff filed multiple forms complaining about Defendant Houston's actions and asking to file a formal complaint or speak to the Sheriff, Defendant Bernard. *Id.* at 6-7. Plaintiff also later filed grievances about the matter, but he received no response, despite Defendant Bernard being aware of the issue. *Id.* at 7. In the supporting facts for Count I, Plaintiff also alleges that on May 11, 2026, he submitted a request for the legal mail contained in a manilla envelope in his personal property. *Id.* Defendant Houston responded that Plaintiff was "'only allowed to have them back for two hours'" and warned him that "'if you do not give them back then you will not get anything else.'" *Id.*

> In Count II of the amended complaint, Plaintiff asserts a violation of the Fourth Amendment. *Id.* at 3. As supporting facts for Count II, Plaintiff alleges that his legal paperwork was seized by the ECJ. *Id.* He further alleges that both Defendants refused to give him his legal paperwork or envelopes to mail legal paperwork to his attorney, telling Plaintiff that he could call his attorney. *Id.*

> In Count III of the amended complaint, Plaintiff asserts that both Defendants violated the Sixth Amendment. *Id.* at 4. As supporting facts for Count III, Plaintiff alleges that he wrote a request to Defendant Houston stating that he

needed three pieces of paper and two envelopes in order to prepare legal mail and comply with a state-court deadline. *Id.* at 4, 8. Defendant Houston responded: "Don't know what to tell you, [t]he Sheriff said no more paper because you can't follow the rules." *Id.* at 8. Plaintiff submitted another written request asking for an envelope to mail paperwork, to which Defendant Houston responded: "[Y]ou are not getting anything per [the] Sheriff." *Id.* As relief in this matter, Plaintiff seeks to be moved out of Kansas and housed elsewhere; an investigation into the ECJ, its staff, and the Ellsworth County District Court clerk's office; and an order releasing Plaintiff on probation or sentencing him to time served. *Id.* at 5.

(Doc. 9, p. 1-3.)

The MOSC explained that Plaintiff's requests for release, an order directing a resolution to his state criminal proceedings, and a criminal investigation were subject to dismissal because such relief is unavailable in an action brought under 42 U.S.C. § 1983. *Id.* at 4-5. The MOSC further explained that none of the three counts in the amended complaint stated a plausible claim for relief under § 1983, so the case was subject to dismissal. *Id.* at 5-10. The Court granted Plaintiff time to show cause, in writing, why the case should not be dismissed in its entirety. *Id.* at 10.

Instead of filing a response to the MOSC, Plaintiff filed a "motion for extension of time to file an amended complaint." (Doc. 10.) The Court granted the motion and granted Plaintiff leave to file a second amended complaint on or before July 31, 2026. (Doc. 11.) Plaintiff timely filed his second amended complaint on July 16, 2026. (Doc. 12.)

## II. Nature of the Matter before the Court

The second amended complaint names Sergeant Houston and Sheriff Bernard as the sole Defendants. (Doc. 12, p. 1-2.) As the background of the case, Plaintiff states that he has endured conditions while incarcerated at the ECJ that violate the Eighth Amendment to the United States Constitution, namely: a lack of access to hot or warm running water or a warm rag to clean himself and a lack of heat in his cell for 5 days. *Id.* at 2. Plaintiff asserts two counts in the second amended complaint, both based on the violation of his Eighth and Fourteenth Amendment rights to humane

4

conditions of confinement. *Id.* at 3.

As the supporting facts for Count I, Plaintiff alleges that from March 6, 2026 though March 10, 2026, he had no heat or hot water in his cell. *Id.* He further alleges that on multiple occasions, both Defendants denied him access to heat, hot water, or a hot wash cloth to clean himself. *Id.* As the supporting facts for Count II, Plaintiff alleges that problems with the sewer system at the ECJ cause waste flushed in one inmate's toilet to reappear in another inmate's toilet and, although ECJ staff is aware of the issues, the problems have not been fixed. *Id.* at 3-4. As relief, Plaintiff seeks a transfer to another jail until the ECJ is brought "up to par" and "better maintain[ed]." *Id.* at 5.

## III.  Discussion

The standards under which this Court screens Plaintiff's second amended complaint are set out above and will not be repeated in full here. The Court assures Plaintiff that it has liberally construed his pro se second amended complaint, but it reminds Plaintiff that it does not act as Plaintiff's advocate or construct claims on his behalf. (*See* Doc. 7, p. 4-5; Doc. 9, p. 3-4.)

Under the Due Process Clause of the Fourteenth Amendment, jail personnel must provide pretrial detainees with adequate clothing, shelter, and safety. *See*, *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see e.g.*, *Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018) (stating that "[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment," but courts "apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983").

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's

necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must

6

be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations...' may meet the standard despite a shorter duration." *Id*. (citations omitted).

The Court finds that the factual allegations in the second amended complaint, even when liberally construed, are not sufficient to state a plausible conditions-of-confinement claim in Count I. Plaintiff states only that for 5 days, he was without hot water, warm water, or heat in his cell. Without more information—such as the temperature in his cell or outside at the time, whether the running water available was so cold as to be unusable, how the lack of these resources harmed Plaintiff, or the specifics of either Defendant denying requests for the hot water and heat to be restored—Plaintiff has not shown that either Defendant both knew of and disregarded an excessive risk to his health or safety caused by the lack of hot water and heat. Although the Court does not minimize the inconvenience of a lack of heat and hot running water, it is also noteworthy that the complained-of condition lasted only 5 days. Therefore, Count I is subject to dismissal for failure to state a plausible claim on which relief can be granted.

Count II is subject to dismissal for failure to state a plausible claim on which relief can be granted because it does not allege that Plaintiff was personally injured by the problems with the ECJ sewer system. As this Court previously explained to Plaintiff:

> Plaintiff must plead only claims based on the violations of his own rights; he may not bring claims based on the rights of other inmates. *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993) (To have standing to bring a claim, a prisoner must state "specific facts connecting the allegedly unconstitutional

conditions with his own experiences [in the prison or jail], or indicat[e] how the conditions caused him injury."). Plaintiff may allege that other inmates were present or affected by the events that led to his claims, but he must ensure that he alleges sufficient facts to show that his own personal rights were violated.

(Doc. 7, p. 10.)

Even liberally construing the second amended complaint and taking all well-pleaded facts therein as true, Plaintiff has not alleged that he personally was affected or injured by the problems with the ECJ sewer system. Accordingly, Count II fails to state a plausible claim on which relief could be granted.

## IV. Conclusion

As explained above, neither of the two counts in the currently controlling second amended complaint state a plausible claim on which relief could be granted. The Court declines to offer Plaintiff additional opportunity to amend his pleading and will instead dismiss this case without prejudice.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 21st day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

8